Daniel J. Herling (SBN 103711)
djherling@mintz.com
Geoffrey A. Friedman (SBN 302496)
gafriedman@mintz.com
Paige E. Adaskaveg (SBN 330551)
peadaskaveg@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel:  415-432-6000
Fax: 415-432-6001

Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Tel:  310-586-3200
Fax: 310-586-3202

Adam M. Tschop (SBN 209767)
atschop@natera.com
NATERA, INC.
201 Industrial Rd., Suite 300
San Carlos, CA 94070-2396
Telephone:  650-980-9190

Attorneys for Defendant NATERA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH COPLEY and RACHEL CALCATERRA, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>     vs.<br><br>NATERA, INC.,<br><br>              Defendant. | Case No.  3:23-cv-06342-JD<br><br>Case Assigned to The Honorable James Donato Courtroom 11, 19th Floor<br><br>**DEFENDANT NATERA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT IN PART**<br><br>Date:       February 22, 2024<br>Time:      10:00 a.m.<br>Place:     Courtroom 11, 19th Floor<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102<br><br>Complaint Filed:        July 10, 2023 |

1

1  **TO THIS HONORABLE COURT, TO ALL PARTIES AND TO THEIR ATTORNEYS**

2  **OF RECORD:**

3      **PLEASE TAKE NOTICE** that on February 22, 2024 at 10:00 a.m. or as soon thereafter as

4  the matter may be heard before the Honorable James Donato in Courtroom 11, 19th Floor, of the

5  above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant

6  Natera, Inc. ("Natera" or "Defendant"), by and through its counsel, will and hereby does move this

7  Court to dismiss with prejudice the request for punitive damages in Plaintiffs' Amended Class Action

8  Complaint ("Complaint") against Natera pursuant to Federal Rule of Civil Procedure 12(b)(6).  This

9  motion is made on the ground that Plaintiffs fail to allege facts showing an entitlement to such

10  damages.

11      This motion is based upon this Notice of Motion, the attached Memorandum of Points and

12  Authorities, the pleadings, documents, and records on file in this action, all other matters judicially

13  noticeable, such further papers as may be filed in connection with this Motion, and on further

14  documentary evidence and oral argument as this Court may allow at the hearing.

15              **STATEMENT OF ISSUES TO BE DECIDED**

16    1. Whether Plaintiffs' conclusory request for punitive damages should be dismissed with

17      prejudice.

18

19   Dated:  December 22, 2023             Respectfully submitted,

20                                         MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                           POPEO, P.C.
21
                                           */s/ Arameh Z. O'Boyle*
22                                         Daniel J. Herling
                                           Arameh Z. O'Boyle
23                                         Geoffrey A. Friedman
                                           Paige E. Adaskaveg
24
                                           Attorneys for Defendant
25                                         NATERA, INC.

26

27

28

DEFENDANT NATERA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT IN PART – Case No. 3:23-cv-06342-JD

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.  INTRODUCTION

3

4

5

6

7

8

9

10

11

12

13

Defendant Natera brings this motion to respectfully request the dismissal of Plaintiffs' unsupported request for punitive damages in the operative "Amended Class Action Complaint" (the "Complaint"). While Natera is contemporaneously filing a partial answer as to Plaintiff Rachel Calcaterra[1], there is nothing alleged in the Complaint that could conceivably support an award of punitive damages. Properly pleading a request for punitive damages requires far more than the *de minimis* allegations and boilerplate request that are set forth in the Complaint. Natera denies that Plaintiffs are entitled to any of the relief that they seek in this latest attempt to conjure up a viable claim after two years of litigation, but at a minimum, neither Plaintiff may seek punitive damages on the facts alleged. Because Plaintiffs and their counsel collectively have had *five* opportunities to plead entitlement to punitive damages without success, Natera brings this limited motion requesting dismissal of Plaintiffs' boilerplate request for punitive damages, with prejudice.

14

## II.  BACKGROUND AND PROCEDURAL HISTORY

15

### A.  *Copley I*

16

17

18

19

20

21

22

23

Natera is a genetic testing company that specializes in providing solutions for oncology, women's health and organ health. Plaintiff Elizabeth Copley filed the original case in this litigation against Natera in November 2021, captioned *Elizabeth Copley v. Natera, Inc.*, 4:21-cv-08941-YGR ("*Copley I*"). Copley purported to bring a nationwide consumer fraud class action on behalf of all individuals who had certain genetic testing performed by Natera and were allegedly billed by the company more than $249 for the test. After Copley amended once, Natera moved to dismiss, and on August 17, 2022, the Hon. Judge Gonzalez Rogers dismissed Plaintiff's first amended complaint with leave to amend.

24

25

Copley's third attempt at pleading, however, still failed to demonstrate that she had suffered any injury, let alone one traceable to Natera's alleged conduct. In particular, in a Second Amended

26

---

27

28

[1] Natera maintains that a response is not required as to Plaintiff Copley because this Court previously dismissed, without prejudice to re-filing in state court, Copley's same claims against Natera based on Copley's lack of Article III standing. No. 4:21-cv-08941, ECF 64.

1   Class Action Complaint, Copley alleged that while she was pregnant with her second child in 2019,

2   the nurse practitioner at her then-OB/GYN's office advised Copley to have Natera perform its

3   Panorama Non-Invasive Prenatal Testing panel ("Panorama test" or "test") due to her age. ECF 1-2,

4   ¶ 42. In July 2021, Copley allegedly received a bill from Natera for $721.10 for the Panorama test,

5   and then two additional bills in August and September 2021, respectively, for the same amount. *Id.*

6   ¶¶ 52-55. In response to these invoices, Copley allegedly made one payment of $50 by check "under

7   protest," *id.* ¶ 56, and allegedly later received a "final notice" bill dated October 24, 2021 for $671.10,

8   "due immediately," *id.* ¶ 57. Copley did not allege, however, she made any further payments to Natera

9   beyond the $50 "protest" payment, received any more bills from Natera, or received a collections

10  notice.

11        Natera moved to dismiss following Copley's third attempt at pleading viable claims. On May

12  8, 2023, this Court concluded that Plaintiff had not pled sufficient facts to establish Article III standing

13  and dismissed the case without prejudice to being refiled in state court. *See* 4:21-cv-08941-YGR,

14  ECF 64. While the Court did not rule on the merits of Copley's claims directly, in dismissing on

15  Article III grounds, the Court discussed Copley's intractable problems with alleging the necessary

16  elements of both reliance and an injury.

17        First, with respect to reliance, the Court emphasized how Copley failed to "allege that she

18  relied on *any* direct misrepresentations made to her by [Natera] when deciding whether to undergo

19  genetic testing offered by defendant." *Id.* at 4 (emphasis original). Copley's allegations about her

20  OB/GYN's statements were, moreover, particularly implausible when she offered no explanation for

21  why "the price information she [allegedly] received from her healthcare provider differed from

22  public-facing statements made by [Natera] about the affordability of [its] genetic tests." *Id.* at 5; *see*

23  *also id.* at 6 (noting Natera's "repeated and consistent public statements" regarding the "average out-

24  of-pocket expense" of its testing alleged in the complaint but which Copley did not allege to have

25  seen). In fact, as the Court concluded, "[t]he logical inference from these statements is that some

26  patients will in fact pay more than $250 for the genetic test." *Id.* at 5.

27

28

1

2

Second, while the Court declined to consider whether "[Copley] has suffered a cognizable injury for the purposes of Article III standing," *id.* at 3 n.2, the Court commented on a glaring

3

disconnect: Copley "paid only $50 for Natera's genetic test, despite being prepared to pay up to $250,

4

*or five times more*, to undergo the test on the advice of her nurse practitioner" *id.* at 9 (emphasis

5

added). In short, despite attempting to represent a proposed nationwide class of Natera customers that

6

purportedly were wronged by Natera's billing practices, Copley herself "ha[d] not overpaid" for

7

Natera's services. *Id.*

8

### B.    *Copley II*

9

Copley filed a further amended complaint (her *fourth*) in California Superior Court (County

10

of San Mateo) on July 10, 2023. Thereafter, nearly two years into the litigation, a new named plaintiff,

11

Rachel Calcaterra, surfaced and joined Copley to file an Amended Class Action Complaint. *Elizabeth*

12

*Copley v. Natera, Inc.*, No. 23-cv-06342, ECF 1-1 (the "Complaint"). Because unlike Copley,

13

Plaintiff Calcaterra alleged sufficient facts for Article III standing, Natera removed the action under

14

CAFA to this Court on December 8, 2023. ECF 1.

15

As with *Copley I*, Plaintiffs purport to bring this action on behalf of "[a]ll persons in the United

16

States who had a "Panorama," "Horizon," "Vistara," or "Spectrum" test performed by Natera, and

17

were then billed more than $249 for that test (the "Class")." FAC ¶¶ 1, 80. Both Plaintiffs bring claims

18

for alleged (1) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

19

§ 17200, et seq., (2) violations of California Consumers Legal Remedies Act ("CLRA"), Civil Code

20

§ 1750, et. seq., and (3) breach of implied contract or quasi-contract. Copley also brings a claim on

21

behalf of a putative Connecticut subclass under the Connecticut Unfair Trade Practices Act

22

("CUTPA"), Conn. Gen. Stat. § 42-110b(a), and Calcaterra brings an additional claim on behalf of a

23

putative Florida subclass under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"),

24

Fla. Stat. § 501.204(1).

25

Natera now moves to dismiss the request for punitive damages in the operative Complaint and

26

is concurrently filing an answer as to Calcaterra' claims and remaining allegations. Natera denies, in

27

any event, that Calcaterra is entitled to any relief whatsoever or that the proposed "nationwide class"

28

1  of Natera customers should or could be certified. Because Copley continues to lack Article III

2  standing, no response is required as to the substance of the allegations and claims in the Complaint

3  that are unique to her.

4  **III.   LEGAL STANDARD**

5  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

6  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

7  *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

8  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

9  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint

10  pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

11  possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). A court

12  may disregard "allegations that are merely conclusory, unwarranted deductions of fact, or

13  unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation

14  omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements," do not suffice. *Ashcroft*, 556 U.S. at 678. A Rule 12(b)(6) motion is the proper vehicle

16  for moving to dismiss a request for punitive damages. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d

17  970, 974 (9th Cir. 2010); *Davis v. Capitol Recs., LLC*, No. 12-CV-1602-YGR, 2013 WL 1701746, at

18  *7 n.3 (N.D. Cal. Apr. 18, 2013).[2]

19  **IV.   DISCUSSION**

20       **A.   Punitive Damages are Not Recoverable under Plaintiff Calcaterra's UCL,**
        **FDUTPA or Breach of Implied Contract / Quasi Contract Claims.**

21

22  Punitive damages are not recoverable under the UCL. *See Calagno v. Rite Aid Corp.*, 2020 WL

23  6700451, at *4 (N.D. Cal. Nov. 13, 2020) (J. Gonzalez Rogers); *In re Wal-Mart Stores, Inc. Wage &*

24  *Hour Litig.*, 505 F. Supp. 2d 609, 620 (N.D. Cal. 2007) ("Where a right is created by statute and the

25

26  ―――――――――――――
[2] To the extent the Court concludes a motion to strike under Rule 12(f) is the proper vehicle for

27  challenging a prayer for punitive damages in a complaint, Natera respectfully requests that the Court
construe this motion as brought under that rule instead. *Cf. Davis*, 2013 WL 1701746 at *7 n.3

28  (construing motion to strike request for punitive damages brought under Rule 12(f) as a motion to
dismiss brought under Rule 12(b)(6)).

1    statute does not expressly permit punitive damages, punitive damages under California Civil Code

2    section 3294 are not available."). Similarly, restitution is the remedy available for Plaintiff's Breach

3    of Implied Contract / Quasi Contract; punitive damages are not available as a matter of law. *See Goel*

4    *v. Coal. Am. Holding Co. Inc.*, 2011 WL 13128300, at *9 (C.D. Cal. July 5, 2011) (punitive damages

5    are unavailable in actions "in equity"); *BKWSpokane, LLC v. Fed. Deposit Ins. Corp.*, 663 F. App'x

6    524, 527 (9th Cir. 2016) (recognizing quasi- or implied-contract are "equitable claims"). Indeed,

7    Copley previously conceded that punitive damages are not available under the UCL or quasi-contract.

8    *Copley I*, ECF 60 at 24-25. The same rule applies to Calcaterra.

9           And the law is equally well-established under FDUTPA: punitive damages are not allowed.

10   *See* Fla. Stat. § 501.211 (limiting potential recovery to actual damages, plus attorney's fees and court

11   costs); *Thomas v. Generac Power Sys. Inc.*, No. 21-12997, 2022 WL 4091735, at *3 (11th Cir. Sept.

12   7, 2022) (per curiam) (noting court has no authority to award punitive damages under FDUTPA).

13         **B.     Plaintiff Calcaterra Fails to Allege Facts Supporting Punitive Damages.**

14          The only claim that conceivably could support a request for punitive damages—Calcaterra's

15   claim for alleged violations of the California CLRA—fares no better because of a complete lack of

16   supporting allegations. As this Court has ruled, "under the CLRA, punitive damages are only available

17   if the allegations in a complaint support an award of punitive damages." *Calagno*, 2020 WL 6700451,

18   at *4.[3] This requires allegations of "oppression, fraud, or malice" that the plaintiff can prove by "clear

19   and convincing evidence." Cal. Civil Code § 3294. The plaintiff must allege facts demonstrating

20   "despicable conduct" which is "so vile, base, contemptible, miserable, wretched or loathsome that it

21   would be looked down upon and despised by ordinary decent people," in addition to a "highly culpable

22   state of mind." *Mack v. Mich. Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992). Labels and

23   conclusory statements are not adequate; a plaintiff must plead "punitive damages with sufficient

24   particularity" to provide a defendant with "fair notice of the nature of plaintiff's claims for punitive

25

26   [3] A plaintiff may recover punitive damages under the CUTPA, but here, only Copley asserted a
     CUTPA claim on behalf of a Connecticut subclass. Since Copley lacks Article III standing (*see* 4:21-
27   cv-08941-YGR, ECF 64), the CUTPA claim is not before the Court. Regardless, as with the remaining
     allegations in the Complaint, Copley alleges no particularized allegations in support of her CUTPA
28   claim that could support punitive damages.

MEMORANDUM OF POINTS AND AUTHORITIES – Case No. 3:23-cv-06342-JD

1    damages." *Opperwall v. State Farm Fire & Cas. Co.*, 2018 WL 1243085, at \*5 (N.D. Cal. Mar. 9,

2    2018) (Gonzalez Rogers, J.) (granting motion to dismiss punitive damages claim). Applying this

3    standard, "[d]istrict courts in California regularly dismiss punitive damages claims for lack of

4    specificity." *Rof v. Travelers Prop. Cas. Co. of Am.*, 2021 U.S. Dist. LEXIS 166345, \*8 (C.D. Cal.

5    Apr. 21, 2021).

6        The Complaint here lacks the necessary "particularity" with respect to punitive damages. In a

7    handful of paragraphs, the Complaint broadly references "the circumstances described hereinabove"

8    and then concludes, without further elaboration or detail, that Natera's alleged conduct meets the

9    statutory definitions of malice, oppression and fraud, respectively. ECF 1-1, ¶¶ 74-77. These

10   allegations, bereft of specific factual content, neither provide Natera with fair notice of the nature of

11   Calcaterra's claim for punitive damages nor identify with sufficient particularity *why*, even if

12   Calcaterra could prove her allegations (she cannot), she or the class would ever be entitled to an award

13   of punitive damages. The Complaint simply makes no effort to tie the various allegations asserted

14   therein to a cognizable theory of punitive damages under the statutory standard. To the extent

15   Calcaterra relies on the allegation that Natera "falsely promises" potential patients a lower price to

16   induce them to take the Natera test (*id.* ¶ 73), this allegation runs contrary to the alleged experiences

17   of both Copley and Calcaterra, both of whom followed the advice of their OB/GYN's office in

18   choosing to receive the benefit of prenatal testing from Natera. Plaintiff's conclusory speculation fails

19   to allege conduct that could support an award of punitive damages.

20       Nor, even taken as a whole, does the Complaint allege facts showing "despicable conduct"

21   which is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down

22   upon and despised by ordinary decent people." *Mack v. Mich. Millers Mut. Ins. Co.*, 4 Cal. App. 4th

23   306, 331 (1992). Notably, neither plaintiff alleges any problems at all with the valuable prenatal

24   genetic testing services that they received from Natera—and in Copley's case, at a steep discount

25   from the price she thought she might have to pay. The punitive damages request should be dismissed.

26       In addition, even if Calcaterra had alleged particular facts in support of the punitive damages

27   request, the rule remains that "a corporate entity cannot commit willful and malicious conduct." *In*

28

MEMORANDUM OF POINTS AND AUTHORITIES – Case No. 3:23-cv-06342-JD

*re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1147 (N.D. Cal. 2018). Instead, the "[p]laintiff must allege that an officer, director, or managing agent of Defendant [] committed an act of oppression, fraud, or malice." *Id.*; *see also Brown v. Food for Life Baking Co., Inc.*, 2023 U.S. Dist. LEXIS 222601, *19-20 (Feb. 27, 2023). These sort of allegations are again absent from the Complaint, which does not allege that any particular individual at Natera committed an act of "oppression, fraud, or malice." The conclusory request for punitive damages must be dismissed for this additional reason as well.

Finally, dismissal of the request for punitive damages should be with prejudice. Collectively, Plaintiffs have had five opportunities to allege facts supporting their request for punitive damages but continue to rely on the same recitation of the statutory elements. Plaintiffs' repeated inability to allege further specifics that could support a request for punitive damages demonstrates that further amendment would be futile.

**V.     CONCLUSION**

For the foregoing reasons, Natera respectfully requests that the Court dismiss with prejudice the request for punitive damages in Plaintiffs' Amended Class Action Complaint.

Dated:  December 22, 2023

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

*/s/ Arameh Z. O'Boyle*

Daniel J. Herling
Arameh Z. O'Boyle
Geoffrey A. Friedman
Paige E. Adaskaveg

Attorneys for Defendant
NATERA, INC.