Daniel J. Herling (SBN 103711)
djherling@mintz.com
Geoffrey A. Friedman (SBN 302496)
gafriedman@mintz.com
Paige E. Adaskaveg (SBN 330551)
peadaskaveg@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: 415-432-6000
Fax: 415-432-6001

Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: 310-586-3200
Fax: 310-586-3202

Adam M. Tschop (SBN 209767)
atschop@natera.com
NATERA, INC.
201 Industrial Rd., Suite 300
San Carlos, CA 94070-2396
Telephone:  650-980-9190

Attorneys for Defendant NATERA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH COPLEY and RACHEL CALCATERRA, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br>   vs.<br><br>NATERA, INC.,<br><br>             Defendant. | Case No.  3:23-cv-06342-JD<br><br>**DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Case Assigned to Honorable James Donato<br>Courtroom 11, 19th Floor<br><br>Complaint Filed:    July 10, 2023<br>FAC Filed:       November 8, 2023 |

Defendant Natera, Inc. ("Natera" or "Defendant") hereby submits this Answer in Part in response to the First Amended Class Action Complaint ("Complaint") of Plaintiffs Elizabeth Copley and Rachel Calcaterra (respectively, "Plaintiff Copley" and "Plaintiff Calcaterra," and collectively, "Plaintiffs") as follows:

Natera denies each and every allegation, statement, matter and thing contained in Plaintiffs' Complaint except as it is hereinafter expressly admitted or alleged.

## PRELIMINARY STATEMENT

### I.     Plaintiff Copley Lacks Article III Standing.

No response is required to the substance of Plaintiff Copley's allegations, because Copley continues to lack Article III standing. In a prior action alleging the same claims against Natera, this Court dismissed Copley's complaint without prejudice to refiling in state court based on Copley's lack of Article III standing. No. 4:21-cv-08941, ECF 64 ("Dismissal Order").

Thereafter, Copley filed a new action, individually and on behalf of all others similarly situated, in the Superior Court of California, County of San Mateo. Case Number 23-CIV-03095, captioned *Elizabeth Copley v. Natera, Inc.* ("Superior Court Action"). On November 8, 2023, Copley and a new plaintiff, Calcaterra, filed an Amended Class Action Complaint in the Superior Court Action. After the addition of Calcaterra, Natera removed the Superior Court Action to this Court, because Calcaterra alleges sufficient facts for Article III standing.

Copley, however, continues to lack Article III standing and is again subject to dismissal from this action without prejudice. Because Calcaterra alleges sufficient facts for Article III standing, the "case" as a whole is not subject to remand to state court. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("In a class action, [Article III] standing is satisfied if at least one named plaintiff meets the requirements."); 28 U.S.C. § 1447(c) (providing that "the case shall be remanded" if "it appears that the district court lacks subject matter jurisdiction," but not for partial remands when the court has subject matter jurisdiction over "the case"). To the extent Plaintiff Copley is dismissed from this action without prejudice to re-filing in state court, or her claims are remanded to state court, Natera reserves the right to file a demurrer to Plaintiff Copley's claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.     Defendant's Motion to Dismiss Punitive Damages**

Concurrently with this Answer, Natera is filing a partial motion to dismiss Plaintiffs' request for punitive damages. To the extent Plaintiffs' allegations in the Complaint pertain to their request for punitive damages, no response is required pending the resolution of Natera's motion.

## INTRODUCTION

1.     Paragraph 1 contains general allegations to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that Plaintiffs' class action allegations have any legal merit.

2.     Answering Paragraph 2 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera admits that it is a clinical genetic testing company that specializes in non-invasive, cell-free DNA testing technology dedicated to oncology, women's health, and organ health.  Natera denies any allegations not expressly admitted.

3.     Answering Paragraph 3 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

4.     Answering Paragraph 4 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

5.     Paragraph 5 pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera denies the allegations of this paragraph.

6.      Answering Paragraph 6 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations in this paragraph, and therefore Natera denies the allegations.

7.      Answering Paragraph 7 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera is without sufficient knowledge or information to either admit or deny the allegations in this paragraph concerning Plaintiff Copley, and therefore Natera denies any allegations not expressly admitted.  Natera admits that physicians may recommend Natera's NIPT screening to their patients but denies the remaining allegations of this paragraph.

8.      Paragraph 8 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations contained in Paragraph 8.

## PARTIES

9.      This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required,  Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

10.      Answering Paragraph 10 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

11.      Answering Paragraph 11 of the Complaint, Natera admits that it is a company incorporated in the State of Delaware and that it operates a testing laboratory in San Carlos, California.  Natera denies any allegations not expressly admitted.

## JURISDICTION AND VENUE

12.      Paragraph 12 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations contained in Paragraph 12.

1    13.    Answering Paragraph 13 of the Complaint, Natera admits that it is duly licensed,

2  registered, and conducts business in the State of California.  The remaining allegations in this

3  paragraph contain legal conclusions to which no response is required.  To the extent a response is

4  required, Natera denies the allegations contained in Paragraph 13.

5    14.    Answering Paragraph 14 of the Complaint, Natera admits that it maintains offices, has

6  agents, employs individuals, and transacts business in the State of California.  The remaining

7  allegations in this paragraph contain legal conclusions to which no response is required.  To the extent

8  a response is required, Natera denies the allegations contained in Paragraph 14.

9                              **FACTUAL ALLEGATIONS**

10  **BACKGROUND ON NATERA**

11    15.    Answering Paragraph 15 of the Complaint, to the extent this paragraph pertains to

12  Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

13  response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

14  required as to Plaintiff Copley, Natera admits that it specializes in providing genetic tests for pregnant

15  women and prospective parents, particularly non-invasive prenatal testing ("NIPT") services.  Natera

16  admits that it offers several genetic testing including, but not limited to, Panorama™ , Horizon™,

17  Spectrum™ and Vistara™.  Natera's 2022 Annual Report speaks for itself.  To the extent Plaintiffs

18  seek to characterize the report, Natera denies Plaintiffs' characterizations and any remaining

19  allegations in this paragraph.

20    16.    Answering Paragraph 16 of the Complaint, to the extent this paragraph pertains to

21  Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

22  response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

23  required as to Plaintiff Copley, Natera admits that it operates laboratory facilities in Austin, Texas

24  and in San Carlos, California, both of which process Panorama and Horizon tests.  Natera's Form

25  10-K for the Year Ended December 31, 2019 and its 2022 Annual Report speak for themselves.  To

26  the extent Plaintiffs seek to characterize these documents, Natera denies Plaintiffs' characterizations

27  and any remaining allegations in this paragraph.

28

17.     Answering Paragraph 17 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera's bills speak for themselves.  To the extent Plaintiffs seek to characterize these documents, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

18.     Answering Paragraph 18 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera's brochures speak for themselves.  To the extent Plaintiffs seek to characterize the brochures, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

19.     Answering Paragraph 19 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera's test results speak for themselves.  To the extent Plaintiffs seek to characterize the test results, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

20.     Answering Paragraph 20 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera's brochures speak for themselves.  To the extent Plaintiffs seek to characterize the brochures, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

21.     Answering Paragraph 21 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

1   required as to Plaintiff Copley, Natera's reports, bills, brochures, and test results speak for themselves.

2   To the extent Plaintiffs seek to characterize these documents, Natera denies Plaintiffs'

3   characterizations and any remaining allegations in this paragraph.

4   **NATERA'S DECEPTIVE AND UNFAIR BILLING PRACTICES**

5        22.    Answering Paragraph 22 of the Complaint, to the extent this paragraph pertains to

6   Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

7   response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

8   required as to Plaintiff Copley, Natera denies the allegations contained therein.

9        23.    Answering Paragraph 23 of the Complaint, to the extent this paragraph pertains to

10   Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

11   response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

12   required as to Plaintiff Copley, Natera denies the allegations contained therein.

13        24.    Answering Paragraph 24 of the Complaint, to the extent this paragraph pertains to

14   Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

15   response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

16   required as to Plaintiff Copley, Natera denies the allegations contained therein.

17        25.    Answering Paragraph 25 of the Complaint, to the extent this paragraph pertains to

18   Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

19   response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

20   required as to Plaintiff Copley, the "Natera Billing Guide" brochure speaks for itself.  To the extent

21   Plaintiffs seek to characterize the brochure, Natera denies Plaintiffs' characterization and any

22   remaining allegations in this paragraph.

23        26.    Answering Paragraph 26 of the Complaint, to the extent this paragraph pertains to

24   Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

25   response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

26   required as to Plaintiff Copley, the "Pricing and Billing Information" webpage on Natera's website

27   speaks for itself.  To the extent Plaintiffs seek to characterize the webpage, Natera denies Plaintiffs'

28

DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION
COMPLAINT – Case No. 3:23-cv-06342-JD

characterizations and any remaining allegations in this paragraph.  Natera specifically denies that it "surprises patients with huge bills" or fails to accurately describe its billing process and options.

27.     Answering Paragraph 27 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

29.     Answering Paragraph 29 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera's bills speak for themselves. To the extent Plaintiffs seek to characterize the bills, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

30.     Answering Paragraph 30 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

31.     Answering Paragraph 31 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

## EXPERIENCES WITH NATERA'S BILLING POLICY

Plaintiff Elizabeth Copley

33.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

34.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

35.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

36.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

37.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

38.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is

without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

39.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

40.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

41.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

42.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

43.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

44.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

1    45.    This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her

2    claims, and, accordingly, no response is required. To the extent a response is required, Natera is

3    without sufficient knowledge or information to either admit or deny these allegations and therefore

4    denies them.

5    46.    This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her

6    claims, and, accordingly, no response is required. To the extent a response is required, Natera is

7    without sufficient knowledge or information to either admit or deny these allegations and therefore

8    denies them.

9    47.    This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her

10   claims, and, accordingly, no response is required. To the extent a response is required, Natera is

11   without sufficient knowledge or information to either admit or deny these allegations and therefore

12   denies them.

13   48.    This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her

14   claims, and, accordingly, no response is required. To the extent a response is required, Natera is

15   without sufficient knowledge or information to either admit or deny these allegations and therefore

16   denies them.

17   49.    This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her

18   claims, and, accordingly, no response is required. To the extent a response is required, Natera denies

19   the allegations of this paragraph.

20   50.    This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her

21   claims, and, accordingly, no response is required. To the extent a response is required, Natera denies

22   the allegations of this paragraph.

23   51.    This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her

24   claims, and, accordingly, no response is required. To the extent a response is required, Natera is

25   without sufficient knowledge or information to either admit or deny these allegations and therefore

26   denies them.

27

28

52.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

53.     This paragraph pertains to Plaintiff Copley, who lacks Article III standing to bring her claims, and, accordingly, no response is required. To the extent a response is required, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

Plaintiff Rachel Calcaterra

54.     Answering Paragraph 54 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

55.     Answering Paragraph 55 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

56.     Answering Paragraph 56 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

57.     Answering Paragraph 57 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

58.     Answering Paragraph 58 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

59.     Answering Paragraph 59 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

60.     Answering Paragraph 60 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

61.     Answering Paragraph 61 of the Complaint, Natera denies the allegations contained therein.

62.     Answering Paragraph 62 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

63.     Answering Paragraph 63 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

64.     Answering Paragraph 64 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

65.     Answering Paragraph 65 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

66.     Answering Paragraph 66 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

67.     Answering Paragraph 67 of the Complaint, Natera is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

Other experiences

68.     Answering Paragraph 68 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

69.     Answering Paragraph 69 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on Yelp.com speak for themselves.  To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

a.   Answering Paragraph 69(a) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on Yelp.com speak for themselves.  To the extent

Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

    b. Answering Paragraph 69(b) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required. To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on Yelp.com speak for themselves. To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

    c. Answering Paragraph 69(c) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required. To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on Yelp.com speak for themselves. To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

    d. Answering Paragraph 69(d) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required. To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on Yelp.com speak for themselves. To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

70. Answering Paragraph 70 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required. To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on bbb.org speak for themselves. To the extent

DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT – Case No. 3:23-cv-06342-JD

Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

     a.   Answering Paragraph 70(a) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on bbb.org speak for themselves.  To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

     b.   Answering Paragraph 70(b) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on bbb.org speak for themselves.  To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

     c.   Answering Paragraph 70(c) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on bbb.org speak for themselves.  To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

     d.   Answering Paragraph 70(d) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff

Copley, the online reviews on bbb.org speak for themselves.  To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

e.   Answering Paragraph 70(e) of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the online reviews on bbb.org speak for themselves.  To the extent Plaintiffs seek to characterize the reviews, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

71.   Answering Paragraph 71 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, the Capitol Forum article entitled "Natera: Experts Raise Concerns About Size of Prompt Pay Discounts and Company Billing Practices" speaks for itself.  To the extent Plaintiffs seek to characterize the article, Natera denies Plaintiffs' characterizations and any remaining allegations in this paragraph.

72.   Answering Paragraph 72 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

73.   Answering Paragraph 73 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

74.   Paragraph 74 contains general allegations and legal conclusions in support of Plaintiffs' request for punitive damages, which is the subject of Natera's partial motion to dismiss

1   and accordingly, no response is required at this time. To the extent a response is required, Natera
2   denies the allegations of this paragraph.

3   75.   Paragraph 75 contains general allegations and legal conclusions in support of
4   Plaintiffs' request for punitive damages, which is the subject of Natera's partial motion to dismiss
5   and accordingly, no response is required at this time.

6   76.   Paragraph 76 contains general allegations and legal conclusions in support of
7   Plaintiffs' request for punitive damages, which is the subject of Natera's partial motion to dismiss
8   and accordingly, no response is required at this time.

9   77.   Paragraph 77 contains general allegations and legal conclusions in support of
10   Plaintiffs' request for punitive damages, which is the subject of Natera's partial motion to dismiss
11   and accordingly, no response is required at this time.

12   78.   Answering Paragraph 78 of the Complaint, to the extent this paragraph pertains to
13   Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no
14   response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is
15   required as to Plaintiff Copley, Natera denies the allegations contained therein.

16   **PRIOR LITIGATION**

17   79.   Paragraph 79 contains general allegations to which no response is required.  To the
18   extent a response is required, Natera denies the allegations of this paragraph.

19   **CLASS ACTION ALLEGATIONS**

20   80.   Paragraph 80 contains general allegations and legal conclusions to which no response
21   is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class
22   treatment and denies that these actions have any legal merit.

23   81.   Paragraph 81 contains general allegations and legal conclusions to which no response
24   is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class
25   treatment and denies that these actions have any legal merit.

26   82.   Paragraph 82 contains general allegations and legal conclusions to which no response
27   is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class

28

1   treatment and denies that these actions have any legal merit.

2       83.     Paragraph 83 contains general allegations and legal conclusions to which no response

3   is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class

4   treatment and denies that these actions have any legal merit.

5       84.     Paragraph 84 contains general allegations and legal conclusions to which no response

6   is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class

7   treatment and denies that these actions have any legal merit.

8       85.     Paragraph 85 contains general allegations and legal conclusions to which no response

9   is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class

10  treatment and denies that these actions have any legal merit.

11      86.     Paragraph 86 contains general allegations and legal conclusions to which no response

12  is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class

13  treatment and denies that these actions have any legal merit.

14              a.   Paragraph 86(a) contains general allegations and legal conclusions to which no

15                   response is required.  To the extent a response is required, Natera denies that

16                   Plaintiffs' case is entitled to class treatment and denies that these actions have

17                   any legal merit.

18              b.   Paragraph 86(b) contains general allegations and legal conclusions to which

19                   no response is required.  To the extent a response is required, Natera denies

20                   that Plaintiffs' case is entitled to class treatment and denies that these actions

21                   have any legal merit.

22              c.   Paragraph 86(c) contains general allegations and legal conclusions to which no

23                   response is required.  To the extent a response is required, Natera denies that

24                   Plaintiffs' case is entitled to class treatment and denies that these actions have

25                   any legal merit.

26              d.   Paragraph 86(d) contains general allegations and legal conclusions to which

27                   no response is required.  To the extent a response is required, Natera denies

28

DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION
COMPLAINT – Case No. 3:23-cv-06342-JD

that Plaintiffs' case is entitled to class treatment and denies that these actions have any legal merit.

e.   Paragraph 86(e) contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these actions have any legal merit.

f.   Paragraph 86(f) contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these class actions have any legal merit.

g.   Paragraph 86(g) contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these actions have any legal merit.

h.   Paragraph 86(h) contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these actions have any legal merit.

i.   Paragraph 86(i) contains general allegations and legal conclusions related to Plaintiffs' request for punitive damages, which is the subject of Natera's partial motion to dismiss and accordingly, no response is required at this time.

j.   Paragraph 86(j) contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these actions have any legal merit.

87.     Paragraph 87 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these actions have any legal merit.

88.     Paragraph 88 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these actions have any legal merit.

89.     Paragraph 89 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these actions have any legal merit.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW

## CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

## ON BEHALF OF THE CLASS

90.     Answering Paragraph 90 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera re-alleges and incorporates its answers to Paragraphs 1-89 as though fully set forth herein.  Natera denies any allegations not expressly admitted.

91.     Paragraph 91 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these class actions have any legal merit.

92.     Paragraph 92 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

93.     Answering Paragraph 93, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the

1  extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley,

2  Natera denies the allegations contained therein.

3      94.    Answering Paragraph 94, to the extent this paragraph pertains to Plaintiff Copley, this

4  Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the

5  extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley,

6  Natera denies the allegations contained therein.

7      95.    Answering Paragraph 95, to the extent this paragraph pertains to Plaintiff Copley, this

8  Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the

9  extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley,

10  Natera denies the allegations contained therein.

11      96.    Answering Paragraph 96, to the extent this paragraph pertains to Plaintiff Copley, this

12  Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the

13  extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley,

14  Natera denies the allegations contained therein.

15      97.    Answering Paragraph 97, to the extent this paragraph pertains to Plaintiff Copley, this

16  Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the

17  extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley,

18  Natera denies the allegations contained therein.

19      98.    Answering Paragraph 98, to the extent this paragraph pertains to Plaintiff Copley, this

20  Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the

21  extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley,

22  Natera denies the allegations contained therein.

23      99.    Paragraph 99 contains general allegations and legal conclusions to which no response

24  is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

25      100.    Paragraph 100 contains general allegations and legal conclusions to which no response

26  is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

27

28

DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION
COMPLAINT – Case No. 3:23-cv-06342-JD

1   101.    Paragraph 101 contains general allegations and legal conclusions to which no response

2   is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

3   **SECOND CAUSE OF ACTION**

4   **VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

5   **CAL. CIV. CODE §§ 1750, *ET SEQ.***

6   **ON BEHALF OF THE CLASS**

7   102.    Answering Paragraph 102 of the Complaint, to the extent this paragraph pertains to

8   Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

9   response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

10  required as to Plaintiff Copley, Natera re-alleges and incorporates its answers to Paragraphs 1-101 as

11  though fully set forth herein.  Natera denies any allegations not expressly admitted.

12  103.    Paragraph 103 contains general allegations and legal conclusions to which no response

13  is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class

14  treatment and denies that these class actions have any legal merit.

15  104.    Paragraph 104 contains general allegations and legal conclusions to which no response

16  is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

17  105.    Paragraph 105 contains general allegations and legal conclusions to which no response

18  is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

19  106.    Paragraph 106 contains general allegations and legal conclusions to which no response

20  is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

21  107.    Paragraph 107 contains general allegations and legal conclusions to which no response

22  is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

23  108.    Paragraph 108 contains general allegations and legal conclusions to which no response

24  is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

25  109.    Paragraph 109 contains general allegations and legal conclusions to which no response

26  is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

27

28

DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION
COMPLAINT – Case No. 3:23-cv-06342-JD

110.     Answering Paragraph 110, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

111.     Answering Paragraph 111, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

112.     Answering Paragraph 112, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

113.     Answering Paragraph 113, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

114.     Answering Paragraph 114, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

115.     Answering Paragraph 115, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

116.     Answering Paragraph 116, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To

the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

117.    Paragraph 117 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

118.    Paragraph 118 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

### THIRD CAUSE OF ACTION

### BREACH OF IMPLIED CONTRACT OR QUASI-CONTRACT

### ON BEHALF OF THE CLASS

119.    Answering Paragraph 119 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera re-alleges and incorporates its answers to Paragraphs 1-118 as though fully set forth herein.  Natera denies any allegations not expressly admitted.

120.    Paragraph 120 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these class actions have any legal merit.

121.    Answering Paragraph 121 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

122.    Answering Paragraph 122 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

123.    Answering Paragraph 123 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

124.   Answering Paragraph 124 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

125.   Answering Paragraph 125 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

126.   Answering Paragraph 126 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

127.   Answering Paragraph 127 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

128.   Answering Paragraph 128 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

129.   Answering Paragraph 129 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

130.     Answering Paragraph 130 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

131.     Paragraph 131 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

132.     Paragraph 132 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

**FOURTH CAUSE OF ACTION**

**VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT**

**CONN. GEN. STAT. § 42-110B(A)**

**ON BEHALF OF THE CONNECTICUT SUBCLASS**

133.     Answering Paragraph 133 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera re-alleges and incorporates its answers to Paragraphs 1-132 as though fully set forth herein.  Natera denies any allegations not expressly admitted.

134.     Paragraph 134 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class treatment and denies that these class actions have any legal merit.

135.     Paragraph 135 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

136.     Answering Paragraph 136 of the Complaint, to the extent this paragraph pertains to Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff Copley, Natera denies the allegations contained therein.

1    137.    Answering Paragraph 137 of the Complaint, to the extent this paragraph pertains to

2 Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

3 response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

4 required as to Plaintiff Copley, Natera denies the allegations contained therein.

5    138.    Paragraph 138 contains general allegations and legal conclusions to which no response

6 is required. To the extent a response is required, Natera denies the allegations of this paragraph.

7 Paragraph 138 also seeks "punitive damages," which is the subject of Natera's partial motion to

8 dismiss and accordingly, no response is required to this part of the paragraph at this time.

9                             **FIFTH CAUSE OF ACTION**

10 **VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

11                            **FLA. STAT. § 501.204(1)**

12                      **ON BEHALF OF THE FLORIDA SUBCLASS**

13    139.    Answering Paragraph 139 of the Complaint, to the extent this paragraph pertains to

14 Plaintiff Copley, this Court lacks Article III jurisdiction over her claims, and, accordingly, no

15 response is required.  To the extent this paragraph concerns Plaintiff Calcaterra and/or a response is

16 required as to Plaintiff Copley, Natera re-alleges and incorporates its answers to Paragraphs 1-138 as

17 though fully set forth herein.  Natera denies any allegations not expressly admitted.

18    140.    Paragraph 140 contains general allegations and legal conclusions to which no response

19 is required.  To the extent a response is required, Natera denies that Plaintiffs' case is entitled to class

20 treatment and denies that these class actions have any legal merit.

21    141.    Paragraph 141 contains general allegations and legal conclusions to which no response

22 is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

23    142.    Answering Paragraph 142, to the extent this paragraph pertains to Plaintiff Copley,

24 this Court lacks Article III jurisdiction over her claims, and, accordingly, no response is required.  To

25 the extent this paragraph concerns Plaintiff Calcaterra and/or a response is required as to Plaintiff

26 Copley, Natera denies the allegations contained therein.

27

28

143.     Paragraph 143 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Natera denies the allegations of this paragraph.

## PRAYER FOR RELIEF

The allegations set forth in Plaintiffs' Prayer for Relief assert legal conclusions to which no response is required. With respect to the request for "punitive damages pursuant to Cal. Civ. Code 3294 (and/or to the Connecticut Subclass pursuant to Conn. Gen. Stat. § 42-110g)," these allegations are the subject of Natera's partial motion to dismiss and accordingly, no response is required to this part of the Prayer for Relief at this time. To the extent any further response is required, Natera denies the allegations in the Prayer for Relief, and further denies that Plaintiffs are entitled to any relief whatsoever on any of the claims asserted in the Complaint.

## AFFIRMATIVE DEFENSES

Natera, in the alternative, and without prejudice to the denials and other statements made in its Answer to Plaintiffs' Complaint, states the following Affirmative Defenses.  By setting forth these affirmative defenses, Natera does not assume the burden of proof as to any fact issue or other element of any cause of action for which Plaintiffs bear the burden of proof:

## FIRST AFFIRMATIVE DEFENSE
## (DEFENSES SPECIFIC TO CLASS MEMBERS)

Natera may have additional unique affirmative defense applicable to different putative members of Plaintiffs' proposed classes.  Natera reserves the right to assert such additional defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## SECOND AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

Plaintiffs' Complaint, and each and every purported claim contained therein, fails to state a claim upon which relief may be granted.

///

///

1

**THIRD AFFIRMATIVE DEFENSE**

2

**(CLASS CERTIFICATION)**

3    Plaintiffs' Complaint, and each and every purported claim contained therein, is not suitable

4    for treatment as a class action because:

5    a.    There are no ascertainable or identifiable classes.

6    b.    There are questions of fact and law particular to each individual member of the

7    putative classes that predominate over the questions of fact and law, if any, that are purportedly

8    common to members of the putative classes.

9    c.    The named Plaintiffs are not proper or adequate representatives of the putative classes.

10   d.    The claims of the named Plaintiffs are not sufficiently typical of those of the putative

11   class members.

12   e.    Damages cannot be proven on a class-wide basis.

13

**FOURTH AFFIRMATIVE DEFENSE**

14

**(NO RIGHT TO INJUNCTIVE RELIEF)**

15   Plaintiffs and their putative classes are not entitled to injunctive relief because the hardship

16   that would be imposed on Natera by any such relief would be greatly disproportionate to any hardship

17   that Plaintiffs might suffer in the absence of injunctive relief.  Further, any injunctive relief that would

18   require regulation by the Court on an ongoing basis of such relief would be inappropriate.   Natera's

19   advertising and marketing activities are already monitored by various federal and state agencies.

20

**FIFTH AFFIRMATIVE DEFENSE**

21

**(UNCERTAINTY)**

22   Plaintiffs' Complaint, and each and every purported claim contained therein, is vague,

23   uncertain, ambiguous and unintelligible.

24

**SIXTH AFFIRMATIVE DEFENSE**

25

**(GOOD FAITH/REASONABLE BELIEF)**

26   Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in

27   whole or in part because any representations or statements alleged to have been made by Natera were

28

1    true and accurate at the time made or otherwise were made in good faith and with a reasonable belief

2    as to their validity and accuracy and with reasonable belief that all Natera's conduct was lawful.

3                          **SEVENTH AFFIRMATIVE DEFENSE**

4                                      **(CONSENT)**

5          Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in

6    whole or in part because Plaintiffs and the putative class members consented to and acquiesced in

7    Natera's conduct.  Plaintiffs and putative class members voluntarily obtained their NIPT screens,

8    through, and in consultation with, their medical providers and received or had access to resources,

9    information, disclosures, and guidance regarding the price of the genetic tests Plaintiffs and putative

10   class members received.

11                          **EIGHTH AFFIRMATIVE DEFENSE**

12                                **(LACK OF PRIVITY)**

13         The claims by Plaintiffs and the putative classes are precluded or limited due to lack of privity.

14   NIPTs are not consumer products sold at retail; rather, they are medical screening services ordered

15   by physicians.  As such, Plaintiffs and putative class members lack privity with Natera.

16                          **NINTH AFFIRMATIVE DEFENSE**

17                              **(EQUITABLE DEFENSES)**

18         Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in

19   whole or in part by the doctrines of laches, waiver, unclean hands, and estoppel.

20                          **TENTH AFFIRMATIVE DEFENSE**

21                              **(UNJUST ENRICHMENT)**

22         Plaintiffs and the putative classes are precluded from recovering on their claims because they

23   would be unjustly enriched by the requested relief.

24                         **ELEVENTH AFFIRMATIVE DEFENSE**

25                    **(ADVERTISING NOT FALSE OR MISLEADING)**

26         Plaintiffs' Complaint, and each and every purported claim contained therein, fail in whole or

27   in part because Natera's advertising and representations concerning the "Panorama," "Horizon,"

28

1  "Vistara," and "Spectrum" tests did not contain any false or misleading statement or promises, did

2  not promise any good not intended to be delivered, and could not have reasonably been misunderstood

3  to be misleading by a reasonable consumer.  As such, these representations are not, and were not,

4  deceptive, false, misleading, fraudulent, unfair, and/or unlawful, and were not intended to mislead or

5  deceive consumers.

6  ### TWELFTH AFFIRMATIVE DEFENSE

7  ### (NO OBJECTIVE RELIANCE)

8  Plaintiffs' Complaint, and each and every purported claim contained therein, fail in whole or

9  in part because the allegedly deceptive representations were such that no reasonable person in

10  Plaintiffs' position could have reasonably relied on, or understood, the representations in the manner

11  alleged in the Complaint.

12  ### THIRTEENTH AFFIRMATIVE DEFENSE

13  ### (NO SUBJECTIVE RELIANCE)

14  Plaintiffs' Complaint, and each and every purported claim contained therein, fail in whole or

15  in part because Plaintiffs did not in fact rely to their detriment on the representations as alleged in the

16  Complaint.

17  ### FOURTEENTH AFFIRMATIVE DEFENSE

18  ### (LACK OF AWARENESS)

19  Plaintiffs' Complaint, and each and every purported claim contained therein, fail in whole or

20  in part because Plaintiffs and the putative classes lacked awareness of the alleged misrepresentations

21  or omissions by Natera as described in the Complaint.

22  ### FIFTEENTH AFFIRMATIVE DEFENSE

23  ### (NO MATERIALITY)

24  Plaintiffs' Complaint, and each and every purported claim contained therein, fail in whole or

25  in part because the representations and omissions alleged in the Complaint were not and are not

26  material to Plaintiffs' and/or  their putative class members' (if any) decisions to purchase the genetic

27  tests at issue.

28

DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION
COMPLAINT – Case No. 3:23-cv-06342-JD

1

2

### SIXTEENTH AFFIRMATIVE DEFENSE
### (NO PROXIMATE CAUSATION)

3      Plaintiffs' Complaint, and each and every purported claim contained therein, are precluded in

4 whole or in part because there is no causal link between the alleged misrepresentations or omissions

5 and a resulting loss, and/or because any damages sustained by Plaintiffs and the putative class

6 members, if any, were proximately caused by the superseding or intervening actions or omissions of

7 Plaintiffs, the putative class members, or other nonparties and/or by superseding or intervening events

8 that were extraordinary under the circumstances, not foreseeable in the normal course of events,

9 and/or independent of or removed from Natera's conduct.

10

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (DAMAGES AND RESTITUTION UNASCERTAINABLE)

11

12      Plaintiffs' Complaint, and each and every purported claim contained therein, fail in whole or

13 in part to the extent the damages and restitution sought by Plaintiffs and the putative class members

14 (if any) are speculative, remote, and/or impossible to ascertain.

15

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (MITIGATION OF DAMAGES)

16

17      Plaintiffs' Complaint, and each and every purported claim contained therein, fail in whole or

18 in part because Plaintiffs and the putative class members (if any) failed to mitigate their damages, if

19 any, from the alleged acts of which Plaintiffs complain.

20

### NINETEENTH AFFIRMATIVE DEFENSE
### (DAMAGES CAUSED BY OTHER CAUSES)

21

22      To the extent Plaintiffs or the putative classes (if any) suffered any damages, such damages

23 were proximately caused by persons, entities, and/or factors or events other than Natera and for which

24 Natera was not and is not responsible.

25 ///

26 ///

27 ///

28

DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION
COMPLAINT – Case No. 3:23-cv-06342-JD

1

2

**TWENTIETH AFFIRMATIVE DEFENSE**

**(NO COSTS OR ATTORNEYS' FEES)**

3

4

Any request for costs or attorneys' fees in this matter by Plaintiffs or the putative classes is barred because such a request lacks any basis in law or contract.

5

6

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(ADEQUATE REMEDY AT LAW)**

7

8

Equitable relief on Plaintiffs' behalf and on behalf of the putative class members is barred because Plaintiffs and the putative class members have adequate remedies at law.

9

10

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(STANDING)**

11

12

Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in whole or in part to the extent that Plaintiffs or any member of the putative classes lacks standing.

13

14

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(OFFSET)**

15

16

17

Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in whole or in part because Plaintiffs' and putative class members' alleged damages must be offset and reduced by the value received.

18

19

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(VOLUNTARY PAYMENT)**

20

21

22

23

Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in whole or in part because Plaintiffs' and the putative classes' payments were voluntarily made with full knowledge of the material facts, and therefore recovery is barred by the voluntary payment doctrine.

24

25

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(FAIR VALUE)**

26

27

Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in whole or in part because Plaintiffs and the putative classes received fair value in exchange for their

28

payment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(NOTICE)**

Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in whole or in part by Plaintiffs' failure to comply with the notice and demand procedures required under California law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(IMPROPER VENUE)**

Based on the facts and circumstances alleged, venue is not proper herein.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

Plaintiffs' Complaint, and each and every purported claim contained therein, are barred in whole or in part by the applicable statutes of limitations.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(ARBITRATION OR CLASS ACTION WAIVER)**

Natera asserts that arbitration may be the appropriate forum for Plaintiffs' and the putative class members' claims, as Natera may possess certain arbitration and class action waiver rights based on Plaintiffs' and/or the putative class members' use of Natera's website and/or mobile app as part of their purchase of the genetic tests.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(FIRST AMENDMENT)**

Plaintiffs' and the putative classes' claims are barred, in whole or in part, by the First Amendment of the U.S. Constitution, and similar provisions in the Constitution of the State of California and the laws of other states that protect, among other things, Natera's right to promote and advertise NIPT screening services.

///

///

1

2

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (RESERVATION)

Natera reserves the right to amend its Answer and Affirmative Defenses and/or to assert additional affirmative defenses as they become known to Natera through the course of discovery and further investigation.  Natera has not knowingly or intentionally waived any applicable affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, Natera prays for judgment on Plaintiffs' Complaint as follows:

1.      Plaintiffs take nothing by way of their Complaint;

2.      That Natera be awarded judgment in its favor in this action;

3.      That Natera be awarded its attorneys' fees and costs of suit incurred herein from Plaintiffs; and

4.      For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Defendant Natera, Inc. hereby demands a jury trial for each and every cause of action and affirmative defense herein that sounds in law.

Dated:  December 22, 2023                    Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

_/s/ Arameh Z. O'Boyle_
Daniel J. Herling
Arameh Z. O'Boyle
Geoffrey A. Friedman
Paige E. Adaskaveg

Attorneys for Defendant
NATERA, INC.

DEFENDANT NATERA, INC.'S ANSWER IN PART TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT – Case No. 3:23-cv-06342-JD