**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELIZABETH COPLEY AND RACHEL CALCATERRA**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**NATERA, INC.**,<br><br>Defendant. | Case No. 4:23-cv-06342-YGR<br><br>**ORDER GRANTING MOTION TO SEVER AND REMAND;**<br><br>**GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 8 & 21 |

Pending before the Court are two motions: (i) plaintiffs Rachel Calcaterra and Elizabeth Copley's unopposed motion to sever Copley from the above-captioned matter and remand her case to state court; and (ii) defendant Natera, Inc.'s motion to dismiss plaintiffs' prayer for punitive damages. Having carefully considered the pleadings and briefing, and for the reasons below, the Court **GRANTS** the unopposed motion to sever; **REMANDS** Copley's claims to state court; and **GRANTS** defendant's motion to dismiss **WITHOUT PREJUDICE**.[1]

### I.   MOTION TO SEVER & REMAND (Dkt. No. 21)

The Court begins with the plaintiffs' motion to sever Copley's claims and remand them to San Mateo Superior Court, which defendant does not oppose. (*See generally* Dkt. No. 21, Motion to Sever & Remand ("Mot."), Ex. 1, Joint Stipulation.) The grounds for the motion are straightforward. Previously, this Court dismissed similar claims by Copley on the grounds that she lacks Article III standing. *See Copley v. Natera, Inc.*, No. 4:21-cv-08941-YGR, 2023 WL 3772023, at *7 (N.D. Cal. May 8, 2023). Copley proceeded to refile in state court, challenging the same alleged conduct. Defendant subsequently removed the case to federal court. (*See* Dkt. No. 1, Notice of Removal.) Thus, Copley's substantially similar claims are now back in front of this Court, albeit accompanied by allegations from plaintiff Calcaterra, who is a recent addition to these proceedings.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

Given this, the Court agrees with the parties that Copley continues to lack Article III standing. The Court thereby **GRANTS** the unopposed motion. Copley is **SEVERED** from the instant matter, and her case **REMANDED** to state court. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("[A] removed case in which the plaintiff lacks Article III standing must be remanded to state court . . . ."). Thus, this litigation proceeds without Copley; only Calcattera remains as plaintiff.

## II.  MOTION TO DISMISS (Dkt. No. 8)

Resolution of the pending motion to dismiss requires the Court to determine whether plaintiffs have pled sufficient facts to support their prayer for punitive damages.[2] Since Calcaterra effectively concedes that the only claim alleged in the Amended Class Action Complaint ("ACAC") that could support such relief is brought under the California Consumers Legal Remedies Act ("CLRA"),[3] the Court limits its analysis to the allegations relative thereto.

"Because the Court is sitting in diversity jurisdiction, California Civil Code [Section] 3294 provides the governing substantive law for punitive damages in this case, and the pleading standard for punitive damages is provided by the Federal Rules of Civil Procedure." *Alejandro v. ST Micro Electronics, Inc.*, 129 F.Supp.3d 898, 916 (N.D. Cal. 2015).

Section 3294 provides, in relevant part:

(a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the

---

[2] Plaintiffs incorrectly argue that the Court may not entertain a Rule 12(b)(6) motion to dismiss their prayer for punitive damages because such a request pertains to a remedy, not a claim. As this Court previously found, "the proper medium for challenging the sufficiency of factual allegations in a complaint" with respect to a request for punitive damages "is through Rule 12(b)(6)." *Opperwall v. State Farm Fire and Casualty Co.*, No. 17-cv-07083-YGR, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) (cleaned up).

[3] *See* Dkt. No. 16, Plaintiffs' Opposition ("Opp'n") at 4 n.3 ("Defendant argues that punitive damages are not available under the Unfair Competition Law, Florida Deceptive and Unfair Trade Practices Act, and quasi-contract claim. This argument is irrelevant and does not provide a basis to dismiss Plaintiffs' request for punitive damages so long as she has a valid CLRA claim for damages.") (internal citation omitted).

sake of example and by way of punishing the defendant.

(b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(a)–(b).

The parties disagree as to the applicable federal pleading standard. Natera asserts that Calcaterra must satisfy the notice pleading standard set forth in *Twombly/Iqbal*. By contrast, plaintiffs contend courts, including others in this district, have recognized a more lenient pleading standard relative to prayers for punitive damages.

The Court determines it need not decide the question of what pleading standard applies since the answer is the same under either approach. This is because Calcattera has failed to allege facts relative to Section 3294(b)'s requirements.[4] That is, she seeks to hold Natera, a corporate entity, accountable for its alleged oppression, fraud, and/or malice but does not allege company personnel "authorized or ratified" such conduct. This is fatal to her prayer because, a "company simply cannot commit willful and malicious conduct—only an individual can." *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No. 14-cv-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014).[5]

---

[4] The ACAC also requests punitive damages under Connecticut law for a subclass of Connecticut residents. *See* Dkt. No. 1-1, Notice of Removal, Ex. 1, ACAC at 31:13–14. Given Copley, a Connecticut resident, has been severed from this litigation, the Court considers this allegation irrelevant to the pending motion to dismiss.

[5] This Court has previously held the same in the CLRA context. *See Young v. Cree, Inc.*, No. 17-cv-06252-YGR, 2018 WL 1710181, at *9 (N.D. Cal. Apr. 9, 2018) (granting a motion to dismiss "plaintiff's request for punitive damages under the CLRA . . . because he does not allege that 'an officer, director, or managing agent of the corporation . . . consciously disregarded, authorized, or ratified each act of oppression, fraud, or malice.'") (quoting Cal. Civ. Code § 3294(b)). Other courts in this district have also applied Section 3294(b) similarly on motions to dismiss prayers for punitive damages. *See, e.g.*, *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F.Supp.3d 1113, 1147 (N.D. Cal. 2018); *Brown v. Food for Life Baking Co., Inc.*, 658 F.Supp.3d 732, 743 (N.D. Cal. 2023).

Plaintiffs do not respond to this deficiency, which defendant identified in their motion. Instead, the opposition simply states, plaintiffs "have not yet obtained discovery about who designed and/or ratified the Natera practices alleged in the Complaint." (Opp'n at 5:13-14.) The Court interprets plaintiffs' lack of response paired with this conspicuous statement as a concession that the ACAC does not plead Natera personnel sanctioned any wrongdoing and, thus, fails to assert grounds upon which punitive damages could be awarded against Natera under Section 3294.

Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiffs' prayer for punitive damages. As plaintiffs do not argue they have additional facts, leave is not presently granted. Should Calcaterra discover additional facts, nothing in this Order prohibits her from bringing a motion to amend the complaint based on an appropriate showing.[6]

### III. CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** Copley's unopposed motion to sever;
- **REMANDS** Copley's claims to state court; and
- **GRANTS** Natera's motion to dismiss **WITHOUT PREJUDICE**.

This terminates Dkt. Nos. 8 & 21.

**IT IS SO ORDERED.**

Dated: May 7, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[6] Defendant opposes leave to amend on the grounds that Copley has had numerous occasions to amend her pleadings. That may be true, but Copley is no longer part of this litigation. The Court focuses, therefore, on Calcaterra, who is new to these proceedings. The Court will not speculate at this juncture on the existence of any facts to support a different conclusion.